UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

O

| Case No. | CV 07-5004 ABC | Date | February 18, 2009 |
|---|---|---|---|
| Title | Delman v. The Barclay Hotel, LLC, et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | | |
|---|---|---|---|
| Daphne Alex | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    ORDER Denying Plaintiff's Motion for Relief From Judgment (In Chambers)

    Pending before the Court is a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and 60(a) filed by Plaintiff David Delman on January 7, 2009. (Docket # 27). Defendant opposed the motion and Plaintiff filed a reply. (Docket ## 29, 30). The Court finds the motion appropriate for resolution without oral argument and **VACATES** the hearing set for February 23, 2009. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Upon consideration of the materials submitted by the parties and the case file, the Court hereby **DENIES** the motion.

BACKGROUND

    This case arises out of a dispute between a landlord and tenant. Plaintiff appears in this matter *pro se*. On September 4, 2007, Defendants filed a motion to dismiss Plaintiff's complaint. Plaintiff failed to timely oppose the motion and was given a new deadline to oppose pursuant to a stipulation between the parties. Plaintiff then failed to timely oppose the motion by the stipulated deadline. Accordingly, on October 22, 2007, the Court dismissed Plaintiff's complaint with leave to amend within 20 days. (*See* Docket # 12).[1]

    Rather than file an amended complaint, Plaintiff instead filed an ex parte application to dismiss the complaint without prejudice on November 6, 2007. (Docket # 15). On November 8, 2007, the Court denied the application as moot because Plaintiff's complaint had been dismissed without prejudice and no amended complaint had been filed. (Docket # 16). Two months went by with no action in the matter. On January 25, 2008, the Court then dismissed the action with prejudice for Plaintiff's failure to file an amended complaint. (Docket # 17).

---

    [1] This matter was initially assigned to Judge Schiavelli. Because he is not available to hear this matter, the motion is pending before Chief Judge Collins. (*See* Docket # 28).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

O

| Case No. | CV 07-5004 ABC | Date | February 18, 2009 |
|---|---|---|---|
| Title | Delman v. The Barclay Hotel, LLC, et al. | | |

Plaintiff filed a notice of appeal on February 13, 2008. Plaintiff filed a motion and affidavit with this Court seeking to prosecute his appeal *in forma pauperis*. (*See* Docket # 24). That motion indicated that the grounds for appeal were the following:

> The Order of 11/07/07 (Dismissed Without Prejudice) contradicts the Order of 1/25/08 (Dismissed With Prejudice). The Court does not have jurisdiction to dismiss a complaint, with prejudice, when no complaint exist [sic] pursuant to the Order of 11/07/07. This Court deprived a disabled individual of due process rights by the unlawful dismissal with prejudice.

(*Id.*) The Court granted that motion, finding that the appeal was not frivolous. (*Id.*)

On appeal Plaintiff sought and received an extension to file his opening brief, making it due on April 21, 2008. Plaintiff asserts that he sought this extension because he had a trip planned to Europe from mid-March to mid-April. *See* Rule 60 Motion at 2. Plaintiff did not file his opening appellate brief by the extended deadline, however. Plaintiff asserts that he missed that deadline because, upon returning from Europe, he had realized that one of his citations was incorrect and he did not feel he could correct the error in time to meet the deadline. *Id.* Eight months later, the Ninth Circuit dismissed the appeal for failure to prosecute pursuant to Ninth Circuit Rule 42-1. This Court's receipt of that order on December 17, 2008, constituted a mandate. (*See* Docket #26). Plaintiff did not seek reinstatement of his appeal pursuant to Ninth Circuit General Order 2.4.

## DISCUSSION

Plaintiff now brings the current motion pursuant to Fed. R. Civ. P. 60(b) and 60(a) asserting that this Court improperly dismissed his claims with prejudice in the January 25, 2008 Order. Plaintiff argues that his application for dismissal without prejudice was controlling and that the Court erred in later dismissing his claims with prejudice for failing to file an amended complaint. Although Plaintiff seeks relief pursuant to Rule 60(b)(1), (4) and (6), as well as Rule 60(a), his motion focuses primarily on the argument that the January 25, 2008 Order was void because the Court lacked jurisdiction once Plaintiff filed his application for dismissal.

### A.      This Court's Jurisdiction Over the Pending Motion.

Before the Court addresses Plaintiff's motion, it will analyze Defendant's contention that the Court lacks jurisdiction to entertain the motion. Defendant argues that this Court's jurisdiction was divested once Plaintiff filed an appeal. Opp'n at 3 (citing *Taylor v. Wood*, 458 F.2d 15, 16 (9th Cir. 1972)). Defendant is correct that the filing of an appeal divests this Court of jurisdiction. But once an appellate mandate is issued, the district court reacquires jurisdiction. *See, e.g., Sgaraglino v. State Farm*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 07-5004 ABC | Date | February 18, 2009 |
|---|---|---|---|
| Title | Delman v. The Barclay Hotel, LLC, et al. | | |

*Fire & Causalty Co.*, 896 F.2d 420, 421 (9th Cir. 1990).  The Ninth Circuit issued the mandate in this case on December 17, 2008, so this Court has jurisdiction to entertain Plaintiff's motion.

     **B.**     **Plaintiff's Rule 60(b) Motion**

     Even assuming that Plaintiff's Rule 60(b) motion is not barred as untimely, the Court cannot grant it.  Rule 60(b) motions are not substitutes for prosecuting an appeal.  *E.g., Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  Allowing motions to vacate after a deliberate choice has been made not to pursue an appeal would allow a litigant to circumvent the appeals process and would undermine the policies supporting finality of judgments.  *Plotkin v. Pacific Telephone & Telegraph Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).  Thus, to bring himself within the limited area of Rule 60(b), a litigant must "establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Id.*

     Plaintiff plainly cannot meet that standard as Plaintiff's motion appears to be an attempt to circumvent the appellate process.  Plaintiff filed a timely appeal on the precise issue raised in this motion.  Plaintiff asserts that he did not file his appellate brief by the extended deadline because he realized one of his citations was incorrect.  The problem appears to have been complicated by the fact that Plaintiff traveled to Europe for several weeks shortly before his brief was due.  Rather than seeking relief from the Ninth Circuit or filing the brief without that particular citation, Plaintiff chose to wait for the Ninth Circuit to dismiss his appeal for failure to prosecute so he "could file a motion in the District Court for reconsideration of the dismissal."  Rule 60 Motion at 2.  In light of Plaintiff's conscious decision to forego his appeal of this exact issue, extraordinary circumstances do not exist here.  *See Plotkin*, 688 F.2d at 1293.

     As the Seventh Circuit found in analogous circumstances, Plaintiff should have litigated these issues on appeal:

> The district court's order here was decidedly not an abuse of its discretion, because all of the arguments in Stoller's Rule 60(b) motion could have been addressed by this court in the underlying appeal that was dismissed for failure to prosecute.  A Rule 60(b) motion is not a substitute for appeal, and thus Stoller's attempt to use it as such was appropriately rejected.

*Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).  Plaintiff's failure to prosecute his appeal precludes the relief he seeks from this Court.

     **C.**     **Plaintiff's Rule 60(a) Motion**

     Plaintiff also contends that the dismissal with prejudice was a clerical error correctable pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

O

| Case No. | CV 07-5004 ABC | Date | February 18, 2009 |
|---|---|---|---|
| Title | Delman v. The Barclay Hotel, LLC, et al. | | |

to Rule 60(a). Rule 60(a) provides that a court may correct clerical mistakes. In determining whether a judgment may be altered pursuant to Rule 60(a), the Ninth Circuit focuses on what the court originally intended to do. *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). "A judge may invoke Rule 60(a) in order to make a judgment reflect the actual intentions of the court." *Id.* Correctable errors include those where what is spoken, written or recorded is not what the court intended to speak, write or record. *In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986). Thus, Rule 60(a) can be used only when the court intended to do one thing but, due to a "blunder[] in execution," did another; it cannot be used to correct a legal error of the court. *Blanton*, 813 F.2d at 1577 n.2. To receive relief pursuant to Rule 60(a), Plaintiff must show that "the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 503 (5th Cir. 1994)) (emphasis added); *see also Jee*, 799 F.2d at 535.

Based on the record here, the Court cannot say that Judge Schiavelli intended that the January 25, 2008 Order was to be a dismissal without prejudice. Indeed, as Plaintiff points out, Judge Schiavelli was made aware of Plaintiff's contention that the dismissal with prejudice was in error when Plaintiff filed his motion and affidavit to appeal *in forma pauperis*. (Docket # 24). Were the dismissal with prejudice merely a clerical error, Judge Schiavelli could have corrected it at that time on the Court's own motion. *See* Rule 60(a). Given that Judge Schiavelli instead certified the issue for appeal, the Court cannot say that Judge Schiavelli actually intended the dismissal to be without prejudice.[2]

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff's motion brought pursuant to Rules 60(b) and 60(a).

**IT IS SO ORDERED.**

:

Initials of Preparer    DA

---

[2] Nor is it clear that Plaintiff should be able to use a Rule 60(a) motion to seek the same relief that he sought on appeal and which he is precluded from recovering under Rule 60(b) for the reasons stated above.